UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TECHNICAL TRAINING, INC. d/b/a
TTI GLOBAL AND TTI GLOBAL
WELFARE BENEFIT PLAN,   CASE NO. 15-cv-11357
                        HONORABLE GEORGE CARAM STEEH
      Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

      Defendant.
_____/

ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION FOR A SETTLEMENT CONFERENCE
AND PROTECTIVE ORDER TO STAY DEPOSITIONS (DOC. #25)

Plaintiff filed this action seeking to recover hidden fees in an ERISA-governed benefit plan. This case is one of hundreds of similarly filed cases in this district.

Now before the court is defendant's motion seeking from the court:

(1) an order requiring the parties to participate in a settlement conference before Magistrate Judge David Grand, the magistrate judge who has handled settlement conferences in many of these cases;

(2) a stay of depositions pending the conclusion of a settlement conference;

(3) a ninety-day extension of the court's scheduling order (which the parties agree should be done); and

(4) bifurcation of the issues of liability and prejudgment interest and staying all proceedings related to the prejudgment interest pending a judgment on the merits as to liability.

-1-

(Doc. #25). For the reasons that follow, defendant's motion will be denied in part and granted in part. Specifically, the motion will be denied in its entirety except as it relates to the parties' agreement to extend the court's scheduling order by ninety days.

## I. SETTLEMENT CONFERENCE

First, defendant asks the court to order a settlement conference because the parties "would benefit from the Court's assistance in facilitating settlement." (Doc. #25 at 3). Without explaining in detail, defendant contends that "the parties have reached critical impasse on several issues — issues that should not prevent the parties from reaching settlement." (*Id.*).

Plaintiff responds that defendant has not been diligent in its efforts to settle the case, and the parties are at an impasse such that a settlement conference would not be beneficial. Indeed, plaintiff contends that "[a] settlement conference at this juncture will not resolve the impasse, nor will it make up for discovery time lost to purported settlement negotiations. Only discovery can resolve the 'factual disconnect.'" (Doc. #28 at 9).

The court agrees with plaintiff that a settlement conference at this juncture is unwarranted. If the parties mutually agree that they may benefit from a settlement conference after further discovery, the court will entertain a renewed request to schedule a settlement conference before a magistrate judge.

## II. STAY OF DISCOVERY

Second, defendant seeks a protective order staying and precluding depositions until the parties have participated in a settlement conference. Having determined that a settlement conference will not be scheduled at this juncture, defendant's request for a stay of depositions is moot.

### III. EXTENSION OF SCHEDULING ORDER

Third, defendant asks the court for a ninety-day extension of the scheduling order. Plaintiff, in a motion to compel pending before the magistrate judge, also requests a ninety-day extension of the scheduling order. Thus, the court will grant the parties' joint request for a ninety-day extension. The court shall issue a new scheduling order as follows:

| | |
|---|---|
| Discovery cutoff: | 3/30/16 |
| Dispositive Motions due: | 5/2/16 |
| Final Pretrial Order due: | 8/1/16 |
| Final Pretrial Conference: | 8/15/16 at 10:00 a.m. |
| Trial Date: | 8/22/16 at 9:00 a.m. |

### IV. BIFURCATION OF LIABILITY AND PREJUDGMENT INTEREST

Finally, defendant seeks a bifurcation of liability from the issues of prejudgment interest and a stay of all proceedings relating to prejudgment interest pending a judgment on the merits. The majority of courts in this district have not bifurcated the issues in substantially similar cases. Following the majority of courts in this district, this court sees no benefit from bifurcating the issues.

### V. CONCLUSION

For the reasons explained above, defendant's motion is DENIED IN PART and GRANTED IN PART.

IT IS SO ORDERED.

Dated: January 4, 2016

            s/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 4, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk